IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| **RUDOLF BOOKER and MAURICE ROBINSON,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| | : | NO.  12-1528 |
| v. | : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**O R D E R**

**AND NOW**, this 19th day of July, 2012, upon consideration of Defendant's Motion to Dismiss Plaintiffs' Complaint (Document No. 2, filed May 29, 2012), Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint (Document No. 6, filed July 2, 2012), Defendant's Motion for Leave to File Reply Memorandum of Law in Further Support of its Motion to Dismiss (Document No. 7, filed July 16, 2012), and defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Plaintiffs' Complaint (Document No. 7-1, filed July 16, 2012), for the reasons stated in the Memorandum dated July 19, 2012, **IT IS ORDERED** as follows:

    1.    Defendant's Motion for Leave to File Reply Memorandum of Law in Further Support of its Motion to Dismiss is **GRANTED**; and

    2.    Defendant's Motion to Dismiss Plaintiffs' Complaint is **GRANTED IN PART AND DENIED IN PART**, as follows:

        a.    Defendant's Motion to Dismiss Plaintiffs' Complaint is granted with respect

      to:

        i. Plaintiffs' retaliation claims under Title VII and 42 U.S.C. § 1981;

        ii. Plaintiffs' discrimination claims under Title VII accruing before October 23, 2009;

        iii. Plaintiffs' discrimination claims under 42 U.S.C. § 1981 accruing before March 27, 2008;

        iv. Plaintiffs' claims under the Pennsylvania Human Rights Act;

        v. Plaintiffs' wrongful supervision claim; and

        vi. Plaintiffs' negligent supervision claim.

    b. Defendant's Motion to Dismiss Plaintiffs' Complaint is denied in all other respects.

**IT IS FURTHER ORDERED** that the Court's ruling is without prejudice to defendant's right to argue, based on evidence adduced later in the proceedings, that (1) the four-year federal catch-all statute of limitations under is inapplicable to some or all of plaintiffs' § 1981 claims and (2) plaintiffs' discrimination claims arising from the July 2009 incident are untimely. The Court's ruling is also without prejudice to plaintiffs' right to file an Amended Complaint consistent with this Memorandum if warranted by the facts.

**IT IS FURTHER ORDERED** that a preliminary pretrial conference will be scheduled in due course.

                **BY THE COURT:**

                /s/ Hon. Jan E. DuBois
                **JAN E. DUBOIS, J.**